```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**THOMAS OLIVER FLORA,**

                       **Petitioner,**

        v.                                      CASE NO. 09-3243-SAC

**STATE OF KANSAS, et al.,**

                        **Respondents.**

### O R D E R

Petitioner proceeds pro se on a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Having reviewed the record which includes respondents' answer and return, the state court record, and petitioner's traverse, the court enters the following findings and order.

I. BACKGROUND

Petitioner was charged with aggravated indecent liberties with a child, K.S.A. 21-3504(a). In pretrial proceedings, petitioner attempted to introduce evidence of his common-law marriage to the fourteen year old victim, and to seek application of K.S.A. 21-3504(b) which provides an affirmative defense to the prosecution of aggravated indecent liberties with a child if the child was married to the accused at the time. The state district court denied both requests, but allowed defense counsel to proffer evidence of a common-law marriage if petitioner pursued appellate review.

Petitioner subsequently entered a guilty plea to one count to the lesser charge of indecent liberties with a child in violation of

K.S.A. 21-3503(a)(1).[1] The district court found petitioner to be a persistent sex offender, and imposed a 72 month sentence for the indecent liberties conviction.

Petitioner filed a direct appeal from that sentence, alleging error in the sentencing court's denial of petitioner's motion for a downward durational and dispositional departure, arguing the use of his prior convictions to compute his criminal history score for sentencing violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and challenging the sentencing court's order to pay attorney fees without first determining petitioner's ability to pay. The Kansas Court of Appeals (KOA) dismissed the appeal in part, finding it lacked jurisdiction to review of petitioner's presumptive sentence, affirmed in part the denial of relief on petitioner's *Apprendi* claim which was foreclosed by Kansas Supreme Court controlling precedent, and reversed in part and remanded for the district court's reconsideration of attorney fees. *State v. Flora*, 2008 WL 2571840 (Kan.App. June 27, 2008)(unpublished), *rev. denied* (September 25, 2008)(*Flora I*).

Petitioner also filed identical state habeas corpus actions under K.S.A. 60-1501 and 60-1507, challenging the constitutionality of the common law statute, K.S.A. 23-101(b), as amended in 2002 to change the age of consent to common-law marriage to eighteen years.[2]

---

[1]Pursuant to a plea agreement, petitioner entered a plea of guilty in the present underlying criminal case to the reduced charge of indecent liberties with a child, and to a reduced charge of simple battery in another criminal proceeding, all in exchange for the State agreeing not to file charges in pending investigations. *State v. Flora*, 2008 WL 5401320, *2 (Kan.App. December 19, 2008), *rev. denied* (Sept. 2, 2009).

[2]As amended in 2002, K.S.A. 23-101(b) bars the state of Kansas from "recogniz[ing] a common-law marriage contract if either party

2

Petitioner claimed application of this amended statute infringed his fundamental right to marry, and denied him equal protection because it treated his common-law marriage differently from a common-law marriage with a person aged eighteen years or older, or from marriage to a person under the age of eighteen with a license and consent.  Petitioner also claimed he was denied due process by being prevented from presenting evidence of his common-law marriage with the victim as an affirmative defense to the initial charge of aggravated indecent liberties with a child.[3]

The trial court denied relief in both actions, collectively finding that petitioner was not being unlawfully detained because the statute did not violate equal protection or deny petitioner due process, that petitioner waived his right to present a defense to the charged offense by entering a voluntary guilty plea, and that the defense of marriage was not available where the marriage was not recognized under K.S.A. 23-101(b).

In a consolidated appeal, the KOA affirmed the trial court's decisions, holding K.S.A. 23-101(b) did not violate petitioner's constitutional rights to due process or equal protection, and holding petitioner waived his right to appeal his conviction following his guilty plea to the reduced charged of indecent liberties with a child.  *Flora v. State*, 2008 WL 54013230 (Kan.App.

---

to the marriage contract is under 18 years of age" (repealed and recodified by Senate Bill No. 24, April 7, 2011).  This changed the traditional ages of consent for a common-law marriage which had been fourteen years old for a male, and twelve years old for a female.

In the instant action, petitioner claimed he married the victim in a 2004 Wiccan hand washing ceremony.

[3]The lesser offense of indecent liberties, to which petitioner entered his plea, also provides for marriage to the victim as an affirmative defense.  K.S.A. 21-3503(b).

December 19, 2008), *rev. denied* (September 2, 2009)(*Flora II*).

   II.  PETITIONER'S CLAIMS

In seeking relief under § 2254, petitioner challenges the constitutionality of K.S.A. 23-101(b) as violating his rights to equal protection and due process, and claims application of that statute denied him due process and a fair trial by not allowing him to introduce evidence of his common-law marriage to the victim. Petitioner seeks a new trial in the state court with the opportunity to introduce evidence of his common-law marriage as an affirmative defense.

   III.  STANDARD OF REVIEW

A person in custody pursuant to a state court judgment is entitled to seek habeas corpus relief in the federal courts on that ground that his custody violates the Constitution, laws, or treaties of the Untied States.  28 U.S.C. § 2254(a).  Such relief can be granted only if the state court's adjudication of the merits of a claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law as determined by the Supreme Court, 28 U.S.C. § 2254(d)(1), or resulted in a decision based on an unreasonable application of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(2).  *See Williams v. Taylor*, 529 U.S. 362, 402-13 (2000)(interpreting § 2254(d)(1)).

   IV.  DISCUSSION

Respondents contend petitioner waived his right to seek state appellate review of alleged error in his criminal conviction by entering a guilty plea, thus federal habeas relief is barred absent a showing of cause and prejudice for petitioner's default in

4

presenting his claims to the state courts.  The court agrees.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  "A state procedural default is 'independent' if it relies on state law, rather than federal law." *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir.2008).  "A state procedural default is 'adequate' if it is firmly established and regularly followed."  *Id*.  The court finds these standards are met in the instant case.

Kansas cases follow the general rule that a guilty plea constitutes a waiver of all defects and irregularities in criminal proceedings prior to entering a plea. *See e.g., State v. Edgar*, 281 Kan. 30, 39-40 (2006)(citing cases).  It is also well established that Kansas law prohibits a direct appeal from a judgment of conviction upon a guilty plea.  K.S.A. 22-3602(a).  The Kansas statute allows a collateral appeal as provided by K.S.A. 60-1507, but such review is afforded only on "jurisdictional or other grounds going to the legality of the proceedings." *Id*.

The KOA expressly found petitioner's knowing and voluntary guilty plea waived petitioner's right to challenge his conviction.  It noted that petitioner was not challenging the validity of his plea, but was instead trying to raise constitutional claims regarding application of the common-law marriage defense to an

aggravated criminal charge he never took to trial.  *Flora II* at 7. The state appellate court found petitioner's guilty plea waived direct review of such claims, and further found petitioner had not demonstrated any entitlement under Kansas law to collateral review under K.S.A. 60-1507.  *Id*. at *8.

The plea hearing transcript documents petitioner's stated understanding that by entering his plea he was waiving all rights to a direct appeal of his challenge to K.S.A. 23-101(b), and that the Kansas appellate courts generally do not consider issues on collateral review that should have been pursued in a direct appeal. Petitioner makes no showing to excuse his default in preserving his claims for state court review, thus federal habeas corpus review is barred even though the Kansas appellate court also addressed and rejected petitioner's underlying constitutional challenge to K.S.A. 23-101(b) on the merits.  *See Sochor v. Florida*, 504 U.S. 527 (1992)(if the state court's resolution of a claim plainly and expressly rests on an adequate and independent state ground, federal habeas review of the state court's decision is barred even if the state court alternatively decides said claim on the merits).

Accordingly, petitioner's claim that his state court conviction violated his right to due process and equal protection should be dismissed because habeas review of this claim is procedurally barred.

The court further notes that because its review under § 2254 is limited to whether petitioner's confinement pursuant to his state criminal judgment violates his federal constitutional rights, federal habeas review of petitioner's constitutional challenge to K.S.A. 23-101(b) is thereby limited to petitioner's claim that he

was unconstitutionally prevented from advancing a common-law marriage defense to the aggravated offense initially charged or the reduced conviction offense. As determined herein, this court's review of that claim is barred by petitioner's procedural default in the state courts.[4]

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed.

**IT IS SO ORDERED.**

DATED:  This 3rd day of August 2011 at Topeka, Kansas.

 s/ Sam A. Crow        
SAM A. CROW
U.S. Senior District Judge

---

[4]Outside the context of habeas corpus, a timely petition to the United States Supreme Court for a writ of certiorari is required to pursue federal judicial review of a state court's determination that a state statute does not violate the United States Constitution.

7